Froessel, J. (dissenting for modification).
I would modify the determination below for the reasons hereinafter stated. The facts and background of this litigation are adequately set forth in the opinion of Judge Ftjld.
When the Constitution of this State was amended in 1939 to permit “ pari-mutuel betting on horse races as may be prescribed by the legislature”, there was added to the provision this language: “ from which the state shall derive a reasonable revenue for the support of government”. It thus left to the *316 Legislature the regulation of such betting and the “ reasonable revenue ” the State shall derive therefrom.
Because of the State’s interest in increasing said revenue, and pursuant to the constitutional provision, the 1956 statute made certain findings as to the inadequacy of the plants and structures of harness race tracks in the State by reason of which the State had lost substantial income, and to remedy this situation chapter 837 of the laws of that year was enacted.
No one denies the right of the Legislature to fix the amount of tax payable to the State on the 15% portion of the betting pool withheld from the bettors. In view of the State’s interest in increasing the amount it may derive from harness track racing, it surely had the right to reduce the rate of taxes from year to year so as to give the race track owners an opportunity to make needed capital improvements which would enhance State revenues. The State was quite willing in its own interest to give relief to the owners, but only to the extent of the cost of needed capital construction. No one could tell in advance how much that would be, and, therefore, a formula was worked out between the State and the track owners whereby the tax imposed was lowered, as the State had a perfect right to do. I see no difference whatsoever between lowering the rate of taxes by a fixed percentage and lowering it by this formula.
No provision of the Constitution impinges in the slightest upon this power to reduce these taxes by the formula adopted. When, therefore, the 1956 statute was enacted, the Legislature was acting entirely within its province. The formula as worked out by the 1956 legislation lowered the tax rate, instead of by a fixed percentage, by the cost of capital improvements (to the extent the moneys were available under the formula), “less income taxes paid thereon to the United States by such harness race track”. The language is crystal clear and the statute is entirely valid. Thus petitioner was entitled to the specific relief granted in subdivisions (1) and (2) of the second paragraph of Special Term’s order.
It is established law, however, that one Legislature may not bind another. A subsequent Legislature is not precluded from modifying a policy of a previous Legislature. “ With the Legislature resides the power and discretion to shape policy. This is so, even if, as claimed, one Legislature violently disagrees *317 with its predecessor. * * * ‘ The power to enact necessarily implies the power to repeal, and one Legislature cannot be limited or bound by the actions of a previous one. Hence every Legislature may modify or abolish its predecessor’s acts, unless restricted by the Constitution, and the wisdom of doing so is a matter of legislative discretion. ’ ” (Farrington v. Pinckney, 1 N Y 2d 74, 82.)
A subsequent Legislature, therefore, had the right to increase the tax rate, and the 1959 Legislature did so by eliminating the words ‘ ‘ less income taxes paid thereon to the United States by such harness race track ”. It purported to do so by way of clarification, but in my judgment the conclusion is inescapable that it is nothing more nor less than a plain amendment of the 1956 statute, and cannot be given retroactive operation. The 1956 enactment, being valid when adopted, continued to be valid until amended and, while the 1959 statute could amend the 1956 legislation, it could do so only prospectively.
Under the mandate of the preamended statute, the race track is regarded as having received reimbursement from the construction account for the year in question, not in the amount it actually received, but only in such amount less the amount of income tax paid thereon. This was a completed transaction for that year, and petitioner must be deemed to have received only the lesser amount. The subsequent Legislature in amending the statute could not retroactively declare that petitioner had received for the year in question more than the preamended statute declared it to have received at that time. To have done so would have been an unlawful retroactive increase in taxes.
In light of the foregoing, there should be stricken the third subdivision of the second paragraph of Special Term’s order that, as to the “ future ”, petitioner should be credited with Federal income taxes paid by it on sums transferred after the enactment of the 1959 statute, and the orders below should be modified accordingly.